UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JOSE LUIS NOYOLA GUERRERO,

Petitioner,

v.

WARDEN, EDEN DETENTION CENTER,[1]

Respondent.

No. 6:26-CV-00414-H

**ORDER**

Petitioner Jose Luis Noyola Guerrero, a self-represented immigrant detainee, filed a habeas petition to challenge his detention pending immigration proceedings. Dkt. No. 1. He did not pay the $5 filing fee or seek leave to proceed *in forma pauperis*. He also filed emergency motions for expedited review and to prevent his transfer to a different facility or his removal while this habeas case remains pending, and to require advance notice of any intended transfer or removal. Dkt. Nos. 2, 3. As explained below, the Court denies the motions.

## 1. Legal Standard

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C.

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

§ 2255). 28 U.S.C § 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## 2. Analysis

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did not include a declaration made under penalty of perjury or allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving the respondent the opportunity to be heard.

Petitioner has not met the required elements for a TRO. He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest. He asks the Court to prevent his transfer or removal while this case is pending, but he pleads no facts to show that his transfer or removal is imminent. In fact, he asserts that his immigration proceedings are ongoing, and he is not subject to a final removal order. And, in any event, his transfer to a different facility will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). And because Petitioner has not shown any imminent threat of transfer or removal, the Court denies the motion for TRO. Dkt. No. 2.

Next, and in any event, the Court must deny Petitioner's request for stay of removal for lack of jurisdiction. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Court therefore lacks jurisdiction to stay Petitioner's removal.

Finally, the Court appreciates the stakes of this matter for the petitioner and will resolve this petition in due course. That said, the Court has more than 800 active cases—including nearly 60% of the Northern District of Texas's immigration habeas docket. The Court's expedited consideration of this petition would thus mean placing other petitions—most of which assert identical claims for relief—on the backburner. The Court will not do so without good cause. As a result, the Court denies Petitioner's request for expedited review. Dkt. No. 3.

Petitioner's petition remains pending, and once the filing-fee deficiency is cured, the Court will enter a separate show cause order requiring a prompt answer from the respondent and setting a briefing schedule. *See* Dkt. No. 6. In its briefing order, the Court will require the respondent to provide notice addressing whether it will commit not to remove Petitioner pending the resolution of the habeas petition and addressing what notice, if any, it will give Petitioner and the Court prior to moving Petitioner outside the Court's jurisdiction.

So ordered.

Dated November 3, 2026.

JAMES WESLEY HENDRIX
United States District Judge